UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Addison, #243778, ) | C/A No. 2:08-3649-HFF-RSC |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| State of South Carolina, ) | |
| ) | |
| Defendant. ) | |

## Introduction

The plaintiff, Jerome Addison, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC). The complaint names the State of South Carolina as the defendant.[2] The plaintiff alleges that during his criminal state proceedings his constitutional rights were violated and that his imprisonment is illegal. The complaint should be dismissed based upon the failure to state a claim upon which relief may be granted and immunity.

## *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

the procedural provisions of 28 U.S.C. § 1915A and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The State of South Carolina is a governmental entity, and the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c). The plaintiff "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Therefore, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal

construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The plaintiff filed the following handwritten documents: "complaint matter commitment order 96-68-10-4323, 97-68-10-4845," "petition of traverse master commitment order 96-68-10-4323, 97-68-10-4845," "petition for review master commitment order 96-68-10-4323, 97-68-10-4845," and "motion for relief from judgment or order master commitment order 96-68-10-4323, 97-68-10-4845." *See* Docket Entry # 1. The plaintiff noted that each of these documents is to "Gov. Mark Sanford" and to "Hon. A. Victor Rawl," although the named defendant on each document is the State of South Carolina. The plaintiff appears to allege that he was denied a right to trial

by jury and that his right to petition the government for a redress of grievances has been denied. Liberally construed, the plaintiff seeks monetary damages for his lost wages and earnings during the time he has been wrongfully imprisoned. He also seeks immediate release from SCDC.[3]

The plaintiff has been incarcerated in SCDC since his 1997 conviction in the Charleston County Court of General Sessions for kidnaping and assault and battery with intent to kill ("ABWIK"). He was sentenced to life without parole. In this court, the plaintiff previously filed a habeas § 2254 petition with regard to the aforementioned conviction; that petition was decided on the merits in favor of the respondent.[4] *See Addison v. South Carolina*, C/A No. 2:00-2557-CWH (D.S.C. 2001) (granting summary judgment to the respondent). Subsequently, the plaintiff filed two habeas § 2254 petitions in this court which were denied as successive. *See Addison v. South Carolina Dep't of Corr.*, C/A No. 2:02-2271-CWH

---

[3] To the extent the plaintiff seeks immediate release from SCDC, that is appropriate for a 28 U.S.C. § 2254 habeas action. Of course, before filing another habeas petition in this court, the plaintiff "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3).

[4] In November of 1990, the plaintiff was incarcerated in the South Carolina Department of Corrections for a previous conviction. He filed a habeas § 2254 petition with regard to that conviction, and this court dismissed that petition without prejudice for failure to exhaust state remedies. *See Addison v. Evatt*, C/A No. 3:90-2693-JFA (D.S.C. 1991).

(D.S.C. 2004); *Addison v. South Carolina*, C/A No. 2:05-3479-HFF (D.S.C. 2006).[5]

Additionally, the plaintiff has filed in this court several previous civil actions pursuant to 42 U.S.C. § 1983. In particular, he filed a civil action for violation of his constitutional rights during the state criminal proceeding which resulted in his aforementioned 1997 conviction. *See Addison v. County of Charleston Magistrate Court, et al.*, C/A No. 2:06-3308-HFF-RSC (D.S.C. 2006). This court summarily dismissed that case pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), for failure to state a cognizable claim since the plaintiff had not successfully vacated or reversed his state conviction prior to bringing the civil action for damages.[6]

This newly filed civil action is similarly barred by the favorable termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008) (referring to the "favorable termination" requirement as a

---

[5] It is appropriate for this district court to take judicial notice of the plaintiff's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the district court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[6] Each of the defendants in *Addison v. County of Charleston Magistrate Court, et al.*, C/A No. 2:06-3308-HFF-RSC (D.S.C. 2006), was also dismissed based upon additional grounds.

mandate). The plaintiff has not alleged that his 1997 state criminal conviction for kidnaping and ABWIK has been reversed, vacated, or otherwise set aside, and because the plaintiff is currently incarcerated due to that conviction the court presumes that the conviction is still valid. If the plaintiff were allowed to seek damages in this action for his alleged wrongful imprisonment, a successful result would necessarily undermine the validity of his current incarceration; it would imply that his state conviction is unconstitutional. This would run afoul of the rule set forth in *Heck v. Humphrey*:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87; *See also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment). Therefore, this action should be dismissed without prejudice because it fails to state a cognizable claim.[7]

---

[7] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action

Furthermore, this action should be dismissed because the named defendant, the State of South Carolina, is not subject to a civil action for monetary damages in this federal court. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *E.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a state must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann.

---

accrues. *See Benson v. New Jersey State Parole Bd.*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*, "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-688 (E.D.Va. 1994).

§ 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Thus, the defendant has immunity from this action.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

*/s/ Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

November 6, 2008
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

9